## M'Adam *against* Orr.

In account render, a count charging the defendant as bailiff of the plaintiff's land may be joined to a count charging him as tenant in common with the plaintiff.

And such count may be added on the trial as an amendment.

If two own adjoining lots and agree to build three houses, the middle one to be built partly on each lot by one of the parties who is to repay himself the cost out of the rents, they are not tenants in common of such house, but the title to the house follows the title to the soil.

THIS was an action of account render brought in the District Court of the city and county of *Philadelphia* by Thomas M'Adam against Robert Orr, surviving administrator of John Hall, deceased. The declaration averred that whereas, heretofore, to wit, in the lifetime of the said John Hall, from the 1st day of September 1811, until the 1st day of April 1831, the said Thomas M'Adam was seised in his demesne as of fee, of and in one undivided moiety or half part of a certain lot and piece of ground, with the messuage and tenement thereon erected, situate in south Tenth street, between Walnut street and Locust street, in the said city of Philadelphia; also of one other lot and piece of ground, with the messuage and tenement thereon erected, situate on Rose alley, between Tenth and Eleventh streets, and Walnut street and Locust street, in the said city; and the said John during all that time held the said lots and pieces of ground and tenements and messuages, with

[M'Adam v. Orr.]

the appurtenances, together with the said Thomas, as tenants in common in fee; and the said John during all that time had also the care and management of the whole of the said premises with the appurtenances to receive and take the rents, issues and profits thereof, and as bailiff of the said Thomas of what the said John received more than his just and reasonable share and proportion thereof, to render a reasonable account thereof to the said Thomas and his said share thereof when the said John should be thereunto afterwards requested. Nevertheless, although the said John during all the said time at the county aforesaid received more than his just share and proportion of the rents, issues and profits, of the said lands and tenements with the appurtenances, and the said plaintiff's share thereof, that is to say, the whole of the said rents, issues and profits; yet the said John, although he was afterwards requested, to wit, on the said 1st day of April, in the year last aforesaid, at the city and county aforesaid, by the said Thomas so to do, hath not rendered a reasonable account to the said Thomas of the rents, issues and profits so received as aforesaid by the said John, or either of them, or any part thereof, but during his lifetime did wholly neglect and refuse so to do, and the said Robert Orr, since the death of the said John, administrator as aforesaid, hath and still doth refuse to render the said account to the said Thomas, although often requested, &c.

The defendant pleaded "*ne unques* bailiff or receiver as to the intestate, John Hall."

The facts were as follows: On the 10th of May 1802, the plaintiff purchased a lot 19 feet on Tenth street, in the city of Philadelphia, and running back to Rose alley. On the same day, John Hall purchased an adjoining lot 19 feet front. They then agreed to build three houses on Tenth street, each furnishing one half of the building and ground of the middle house. They went on with the building some time, when M'Adam stopped, after each had expended $150 on it. Two or three years after this, it was mutually agreed that Hall should go on and finish the house and pay himself out of the rents. After this there was an agreement that Hall should build a rear middle house on Rose alley, and repay himself in the same way. M'Adam furnished nothing to the rear building. Both middle houses were tenanted by Hall.

During the trial, the plaintiff moved to amend his declaration by filing an additional count, charging the defendant (Hall) as factor for the sums of money and rents and profits of the land received by him for the plaintiff. The defendant objected, the court refused permission to amend, and the plaintiff excepted. The defendant offered no evidence.

The judge ordered a judgment of nonsuit, on the ground that the plaintiff had not given such evidence as was in law sufficient to maintain the action; and the court in bank refused to set it aside. The defendant excepted to the opinion of the court.

[M'Adam v. Orr.]

Errors assigned:

1. Because the court refused to permit the plaintiff to amend his declaration.

2. Because the judge before whom the cause was tried directed a nonsuit, and the Court in bank confirmed the direction of the said judge.

*Randall*, for plaintiff in error. The amendment should have been allowed. The additional count sets forth no new cause of action; the contract is the same. 8 *Serg. & Rawle* 444; 1 *Whart.* 287; 2 *Whart.* 132, 155.

The plaintiff and defendant were tenants in common, under their agreement, during the time the property was held under it, though not in fee-simple.

*T. I. Wharton, contra.* The amendment was inadmissible. The additional count set forth a new cause of action. 1 *Whart.* 11. The plaintiff cannot vary the kind of action, though the form is the same. In Case, the plaintiff cannot substitute trover for *assumpsit*, or a claim against the defendant as executor, where he is first charged individually. Nor can he claim in one count against him as tenant in common, and in another as holding in severalty. The first action is by statute, the second at common law; for the action against a tenant in common did not lie at common law unless he was expressly appointed bailiff. *Co. Lit.* 172 *a; Bac. Abr. A.* By statute defendant may be examined on oath, and this cannot be done at common law. *Willes* 208; 10 *Serg. & Rawle* 220; 12 *Mass.* 149. The two counts cannot be joined.

The estate which each party had under the agreement was an estate in severalty, and not a tenancy in common, as was held in the case of a party wall. 5 *Taunt.* 20. Besides, the Statute of Frauds would prevent the creation of such estate by parol.

The opinion of the Court was delivered by

Sergeant, J.—I perceive no reason why the plaintiff should not have been permitted to file an additional count charging the defendant as factor for the sums of money and rents and profits of the land received by him for the plaintiff, since it is only a change in the mode of charging the defendant, whilst the ground of action remains the same, that is to say, his liability to account to the plaintiff for the receipts of the income of the houses; and it therefore falls within the adjudged cases. But the argument of the defendant is, that such new count is incompatible with the first, and could not have been originally joined with it; because the first is by one tenant in common against another, under the Statute 3 and 4 Anne, which gives a new remedy, making the defendant liable differently, and authorizes the auditors to examine the parties on oath; whereas, at common law that could only

[M'Adam v. Orr.]

be in one or two particular cases, according to *Wheeler* v. *Horne,* (*Willes* 210). But that case and *Co. Lit.* 172 *a,* and other authorities lay it down that at common law one tenant in common may bring account render against another as bailiff, where he is so expressly appointed, and here the narr. seems to be against the defendant as bailiff at common law, the statute not being referred to. Without, therefore, examining other questions as to joining a count on the statute with one at common law, or joining a count against an administrator of a deceased bailiff who was tenant in common, with a count against the administrator of a deceased individual bailiff, both of which seem to fall within statutory enactments, we think the amendment ought to have been allowed.

On the other point, I do not see how these parties could, on the evidence given, be considered tenants in common as to the middle lot or the houses thereon built. This lot belonged one half to the plaintiff and one half to the defendant. The plaintiff, on being appointed bailiff, held his half in his own right and the other in the defendant's. The title to the houses followed that of the soil, with a power to Hall to hold till he was repaid his advances. But for the first reason, the judgment must be reversed.

Judgment reversed, and a *venire facias de novo* awarded.